JgPLOTKIN, Judge.
On September 14, 1984, the Louisiana Supreme Court remanded this case to the trial court, stating:
..: From the transcript of his remarks at sentencing, it is unclear whether the trial judge was aware of his sentencing alternatives at the time but chose not to exercise them in that particular case. Accordingly, relator’s sentence is vacated and this case is remanded to the trial court for resentencing in accord with the law.
In accordance with the supreme court’s order, the trial court held a hearing to resentence the defendant. As stated in this Court’s previous ruling dated April 15, 1994 (see attachment), the trial court was aware that it had the authority to suspend the defendant’s sentence or place the defendant on probation when he was sentenced on January 11, 1985 based on the hearing transcript. After a hearing, the trial court knowingly chose to impose the life sentence, which was authorized. However, we note that the record in this case is incomplete and we cannot determine whether the defendant was resentenced with or without benefits of probation, parole, or suspension of sentence. At the time of this offense, La. R.S. 40:966(B)(1) did not prohibit benefits for offenders sentenced to life laimprisonment. Regardless, the trial court had no authority to revoke the defendant’s sentence or to suspend defendant’s sentence and place the defendant on active probation on October 14, 1998.
Accordingly, the ruling of the trial court dated October 14, 1998 relative to the defendant’s sentence is reversed, and the previous sentence dated January 11, 1985 is reinstated.
WRIT GRANTED; RELIEF GRANTED.
BYRNES, J., concurs with reasons.
JONES, J., dissents with reasons.
| ATTACHMENT
Before LANDRIEU, LOBRANO and PLOTKIN, JJ.

WRIT GRANTED

Relator’s application for supervisory writs is granted.
The defendant’s sentence imposed on January 11, 1985 was not illegal. It has become executory and the time period during which defendant could have applied for post-conviction relief on the grounds alleged has expired. Moreover, on the merits, it is apparent from the sentencing transcript, dated January 11, 1985, that the trial court was aware of its authority to suspend defendant’s sentence or place defendant on probation. The trial court knowingly chose, instead, to impose a sentence of life in prison which was authorized at that time by statute. Therefore, the trial court how has no authority to revoke defendant’s sentence nor to suspend any portion thereof.
We assume the trial court judgment inadvertently mentions commutation of sen *564 tence, but we note for the record that commutation is a power of the Executive Branch and not of the Judicial Branch of this State.
The judgment of the trial court dated March 16, 1994 relative to the defendant’s sentence is reversed and the previous sentence dated January 11, 1985 is reinstated.
New Orleans, Louisiana this 15th day of April, 1994.
JUDGE MOON LANDRIEU
JUDGE ROBERT L. LOBRANO
JUDGE STEVEN R. PLOTKIN
PLOTKIN, J., concurs in the result.